UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MADELINE COX ARLEO
UNITED STATES DISTRICT
JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST. ROOM 2060
NEWARK, NJ 07101
973-297-4903

February 11, 2016

VIA REGULAR MAIL & CERTIFIED MAIL, R.R.R.
Tresha Holder, Pro Se
20 Rose Place
Woodland Park, NJ 07424

VIA ECF
Counsel for Defendants

## LETTER OPINION AND ORDER

Re:   Tresha Holder v. DCF, et al.
       Civil Action No. 12-74

Dear Ms. Holder and Counsel:

Before the Court is Defendants Department of Human Services ("DHS")[1], Division of Child Protection and Permanency ("DCPP") (f/k/a Division of Youth and Family Services "DYFS"), Ginene Simpkins, Mary Gonzales, Ann Glass, Natacha Olieus, and Patricia Bruce El (collectively "State Defendants") motion for summary judgment. Dkt. No. 47. Pro se Plaintiff Tresha Holder ("Holder") opposes the motion. Dkt. No. 48. For the reasons set forth below, Defendants' motion is **GRANTED.**

Plaintiff filed the instant matter on January 3, 2012. Compl., Dkt. No. 1. The Original Complaint is "lengthy, discursive, and at times, very difficult to follow." Chesler Op. at 2, Dkt. No. 20. It appears that Plaintiff alleges that Defendants violated her constitutional rights by unlawfully removing her two young children, terminating her parental rights, and putting the children up for adoption. Id. On August 23, 2012, Defendants DCCP and the New Jersey Department of Children and Families ("NJ DCF") filed a motion to dismiss. Dkt. No. 13. On December 20, 2012, Judge Chesler issued an Opinion, holding that Plaintiff's section 1983 claims

---

[1] Although DHS moved to dismiss, it does not appear to be as Defendant in this case. There are no allegations against it in the Original or Amended Complaint. However, to the extent Plaintiff intended to include DHS as a Defendant, any claims against DHS fail for the same reasons that they fail against DCPP.

against the state agencies[2] and the individually named Defendants in their official capacities were barred by Eleventh Amendment immunity.  See Chesler Op. at 5.  The Court granted Plaintiff leave to amend the Complaint to assert a claim for "injunctive relief against an appropriate party." Id. at 6.  Because the individually named Defendants did not argue that the claims against them in their personal capacities were barred by the Eleventh Amendment, he allowed those claims to go forward.  Id. at 5.

On February 12, 2013, Plaintiff filed an Amended Complaint.  Dkt. No. 24.  Similar to the Original Complaint, the Amended Complaint is difficult to follow.  Id.  Since Plaintiff is pro se, the Court construes these allegations liberally.  See Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011).  Plaintiff incorporates the Original Complaint by reference.  Am. Compl. at 1. In the Original Complaint, she includes section 1983 allegations against the individually named Defendants in their personal capacity.[3]  In the Amended Complaint, Plaintiff asks the Court to "reinstate DYFS/DCF/DCPP" and reasserts the same section 1983 claims against DYFS/DCPP that Judge Chesler had already dismissed, as well as an additional demand for "injunctive relief" and state tort law claims.  See Am. Compl. at 2.  Plaintiff also asks the Court to reverse the termination of her parental rights, vacate the adoption of her two children, and for money damages. Id. at 9.

On April 12, 2013, the State Defendants, including DCPP, Simpkins, Gonzales, Bruce El, Glass, Olieus, and Lafredo, filed an Answer, Dkt. No. 26, and engaged in discovery.  On September 14, 2015, these Defendants filed the instant motion for summary judgment.  Dkt. No. 47.[4]

## A.  The Rooker Feldman Doctrine

As an initial matter, Plaintiff seek review and reversal of matters already decided by the state court.  Specifically, she is seeking "reversal of termination of [her] parental right [and] the reversal of the adoption of [her] Twins Joshua and Sathathia Holder."  Am. Compl. at 9.  To the extent she seeks such relief, the Court lacks subject matter jurisdiction over her request pursuant to Rooker-Feldman.  See Gass v. DYFS Workers, 371 F. App'x 315, 315-16 (3d Cir. 2010) (affirming district court dismissal under Rooker–Feldman of claims asserted against DYFS and others in underlying termination of parental rights action where plaintiff challenged custody court orders).

---

[2] Although Judge Chesler refers to the Defendants as "the State," it appears that he was referring to the state agencies—DCPP and NJDCF.

[3] These claims were not previously dismissed by Judge Chesler.

[4] The only evidence, outside the pleadings, that Defendants provide in support of their motion is one page of the deposition transcript of Plaintiff, to show that everything Plaintiff asserts against the State Defendants was brought to the Family Court's attention during the proceedings to terminate her parental rights and during her appeal.  See Certification of Kevin Terhune ("Terhune Cert.") Ex. A, Dkt. No. 47-3.

### B. Claims Against DCPP

Plaintiff reasserts a section 1983 claim against the DCPP, which had previously been dismissed by Judge Chesler.  As explained by Judge Chesler, DCPP, as an agency of the state, is entitled to Eleventh Amendment Immunity.  See Chesler Op. at 4-5; see also, Howard v. New Jersey Div. of Youth & Family Servs., 398 F. App'x 807, 811-12 (3d Cir. 2010) (affirming district court dismissal of claims for damages and attorneys' fees against DYFS and two DYFS officers sued in their official capacities based on Eleventh Amendment immunity); Love v. N.J. Div. of Youth & Family Servs., No. 07-3661, 2010 U.S. Dist. LEXIS 73977, at *6 (D.N.J. July 22, 2010). These claims are dismissed with prejudice.

Plaintiff also asserts state tort law claims against DCPP.  DCPP is also entitled to Eleventh Amendment immunity with respect to the state law tort claims.  See, e.g., Doe v. N.J. Dep't of Corr., No. 14-5284 (FLW), 2015 U.S. Dist. LEXIS 69569, at *22 (D.N.J. May 29, 2015) (holding NJDOC entitled to Eleventh Amendment immunity for state-law tort claims under the New Jersey Tort Claims Act ("NJTCA")); Doe v. Div. of Youth & Family Servs, 148 F. Supp. 2d at 492.  New Jersey's enactment of the NJTCA "is a limited waiver of sovereign immunity that does not waive the state's Eleventh Amendment immunity."  Heine v. Comm'r of Dept. of Cmty. Affairs of New Jersey, No. 11-5347, 2014 U.S. Dist. LEXIS 116904, at *9 (D.N.J. Aug. 22, 2014) (internal citation omitted).  "Even when a state consents to a suit in its own courts, it does not follow that a similar suit may be maintained against the state in federal courts."  Doe v. N.J. Dep't of Corr., 2015 U.S. Dist. LEXIS 65969, at *22; see also Hyatt v. Cnty. of Passaic, 340 F. App'x 833, 837 (3d Cir. 2009).  Accordingly, the tort claims are barred by Eleventh Amendment immunity and are dismissed with prejudice.[5]

### C. Claims Against Individual State Defendants in Personal Capacity

Plaintiff asserts section 1983 claims against the individual State Defendants in their personal capacity.[6]  All of her claims against the individuals stem from actions taken by the individuals DCPP caseworkers leading up to and culminating with the legal proceedings whereby her children were removed and her parental rights were terminated.  Plaintiff alleges that the individual State Defendants made misrepresentations to the state court, terminated her parental rights without notifying her about a hearing, and allowed her children to be illegally adopted.  At her deposition, however, Plaintiff confirmed that "everything" that the individual Defendants allegedly did "wrong" or "in violation" was brought to the attention of the trial and appellate courts.  See Terhune Cert. Ex. A at 130:17-21, 131:4-8, 132:5-15.

---

[5] In addition, as discussed herein, because all of Plaintiff's federal claims are barred, even if Eleventh Amendment Immunity did not apply to the state tort claims, the Court would decline to exercise its supplemental jurisdiction over these remaining state claims pursuant to 28 U.S.C. § 1367(c).

[6] Judge Chesler already barred the § 1983 claims against the individual State Defendants in their official capacities.  See Dkt. No. 20 at 5.

Defendants contend these claims are barred by absolute, quasi-judicial immunity.  The Court agrees.

"Quasi-judicial absolute immunity attaches when a public official's role is functionally comparable to that of a judge.  To determine this, a court must consider whether the official acted independently and what procedural safeguards attended his/her decision-making process." Hamilton v. Leavy, 322 F.3d 776, 785 (3d Cir. 2003) (internal citation and quotation marks omitted).  The Third Circuit has previously held that caseworkers employed by a state child services agency "are entitled to absolute immunity for their actions on behalf of the state in preparing for, initiating, and prosecuting dependency proceedings. Their immunity is broad enough to include the formulation and presentation of recommendations to the court in the course of such proceedings." Ernst v. Child & Youth Servs. of Chester Cnty., 108 F.3d 486, 495 (3d Cir. 1997).  This immunity does not extend to administrative or investigative acts outside the scope of the actual dependency proceeding.  Ernst, 108 F.3d at 497 n.7.  However, "the presence of an investigative component to [a child protective services worker's] conduct does not bar the application of absolute immunity when the function of her actions is still fundamentally prosecutorial in nature." B.S. v. Somerset Cnty., 704 F.3d 250, 269 (3d Cir. 2013); see also Ernst, 108 F.3d at 498 (concluding that absolute immunity protects caseworkers "gathering and evaluation of information" to formulate recommendations and to prepare for judicial proceedings).

New Jersey courts have also recognized that DYFS caseworkers, employees, supervisors, and directors, as well as New Jersey Deputies Attorney General and the Attorney General are entitled to absolute immunity where these individuals are "performing judicial acts within the jurisdiction of the Superior Court, Family Part[.]" Delbridge v. Schaeffer, 569 A.2d 872, 881-82 (N.J. Super. Ct. Law Div. 1989).

Whether quasi-judicial immunity applies turns on whether the individual State Defendants "function[ed] as the state's advocate when performing the action(s)' that gave rise to the due process violations [Plaintiff] seeks to redress, or whether those claims instead arose from unprotected 'administrative or investigatory actions.'" B.S., 704 F.3d at 265 (quoting Odd v. Malone, 538 F.3d 202, 208 (3d Cir. 2008)).

Here, Plaintiff's allegations against the individual State Defendants exclusively concern the actions or omissions undertaken by the DCPP caseworkers in preparing for, initiating, and prosecuting the state court proceedings.  Any investigatory component of their actions was done to gather and evaluate information in preparation for the judicial proceedings.  Moreover, Plaintiff concedes that all of her complaints about the caseworker's actions were brought to the attention of the state trial judge and later raised on appeal.  See Terhune Cert. Ex. A at 130:17-21, 131:4-8, 132:5-15.  Accordingly, the individual State Defendants actions are protected by absolute immunity with respect to Plaintiff's section 1983 claims against them in their personal capacity.

Defendants' motion for summary judgment is **GRANTED** and this case is **CLOSED.**

**SO ORDERED**

4

_/s Madeline Cox Arleo_
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**